UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Thomas Man Lung Lo,                  Case No.    1:15-cv-675

        Petitioner

    v.                                      MEMORANDUM OPINION
                                             AND ORDER

U.S. Attorney General, *et al.*,

        Respondents

        *Pro se* petitioner Thomas Man Lung Lo filed this petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241, seeking immediate release from the detention of the Immigration and Customs Enforcement ("ICE") branch of the Department of Homeland Security pursuant to the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001). Petitioner alleges he has been detained by ICE in the Geauga County Jail since November 21, 2014, and has been in custody "more than 3 months since being ordered removed to China."

        Title 8 U.S.C. § 1231(a) provides that once an alien is ordered removed, the Attorney General has a ninety-day period (the removal period) within which to remove the alien. During the removal period, detention of the alien is required. *See* 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien."). The statute includes post-removal provisions, including providing that an alien "may be detained beyond the removal period" if he has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal. *See* 8 U.S.C. § 1231(a)(6). In *Zadvydas*, the Supreme Court held, "for the sake of uniform administration in the federal courts," that six months is a presumptively reasonable

period of post-removal detention under §1231, and that "[a]*fter* this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 700 (emphasis added).

Courts have consistently dismissed *habeas* petitions filed prior to the expiration of the presumptively reasonable six-month period recognized in *Zadvydas*. See *Akinwale v. Ashcroft*, 287 F.3d 1050 (11th Cir. 2002) (the "six-month period thus must have expired at the time [the] § 2241 petition was filed in order to state a claim under *Zadvydas*"); *Ali v. Barlow*, 446 F. Supp.2d 604, 609 (E.D. Va. 2006) (petition dismissed as premature where petitioner had been in post-removal custody less than six months); *Nuculovic v. Chertoff*, 1: CV-07-0703, 2007 WL 1650613, at *3 (M.D. Pa. June 5, 2007) ("[Petitioner's] detention is presumptively reasonable because he has not yet been held for longer than six months").

Accordingly, I must dismiss the petitioner's petition as premature because he has not yet been in ICE custody longer than the presumptively reasonable six-month period. If the petitioner remains in custody for longer than the six-month period, he may reassert his claim.

**Conclusion**

Accordingly, for the reasons stated above, this petition is dismissed without prejudice to petitioner's re-filing at a later time should he remain in ICE custody longer than six months and is able to demonstrate good reason to believe there is no significant likelihood of his removal in the reasonably foreseeable future. Petitioner's motion for appointment of counsel (Doc. No. 2) is denied.

So Ordered.

    s/Jeffrey J. Helmick
    United States District Judge

2